FARMERS' LOAN & TRUST CO. et al. v. CENTRALIA & C. R. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. February 8, 1900.)

No. 608.

Petition for rehearing. Overruled.

For former opinion, see 96 Fed. 636.

Before WOODS and JENKINS, Circuit Judges, and SEAMAN, District Judge.

PER CURIAM. On consideration of the petition for a rehearing, the court finds that the receiver's certificates held by the Equitable Trust Company should be declared invalid to the amount of $136,793.25, face value, instead of $176,000, as stated in the opinion handed down; and, it being asserted that the receiver has paid one or more installments of interest on the certificates since their issue, the interest so paid on the invalid certificates should be added to the amount thereof. And it being further insisted that W. A. Ingraham and William F. Tufts, who are holders, individually or as trustees, of bonds secured by the mortgage foreclosed, received payments of demands not entitled to preference over the mortgage debt, knowing that the money paid them was of the proceeds of the receiver's certificates, and, like W. S. Ingraham and Robert Rodman, should be estopped from asserting the invalidity of the certificates, it is ordered, in lieu of the order heretofore made, that the decree below be modified so as to declare invalid the certificates held by the Equitable Trust Company, to the amount of $136,793.25, increased by the amount of interest thereon paid by the receiver, but not including the discount originally allowed; that, of the proceeds of the sale ordered, whatever sums would be payable upon bonds held respectively by W. S. Ingraham, W. A. Ingraham, Robert Rodman, and William F. Tufts, individually or as trustees, shall be brought into court, to abide the order of the court determining, upon an issue or issues to be formed between the persons named, each severally on the one side, and the Equitable Trust Company on the other side, whether they, or any of them, should be estopped from denying the validity of the certificates, and, according to the determination of that issue, the money so brought into court in the case of each shall be paid to the bondholder according to the number of his bonds, to an amount not exceeding the sum due thereon, or to the Equitable Trust Company, to an amount not exceeding the sum of its certificates and interest. Upon the bringing of a fund into court under this order, the court shall prescribe a reasonable time within which each of the bondholders named, or the trustee in the mortgage for him, shall assert his claim to share therein; and upon his failure, or the failure of the trustee in his be-

half, to comply with the order, the court may declare his claim forfeited, and order the amount involved; less the clerk's commission, paid over to the Equitable Trust Company. The petition for a rehearing is overruled.